UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SUSAN LYNN RYDER,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY.

       Defendant,
_____/

Case No. 1:15-cv-46

HON. JANET T. NEFF

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Susan Lynn Ryder seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings

are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 58 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 8, 26.) She completed high school, and was previously employed as a postal carrier. (Tr. 29, 64.) Plaintiff applied for benefits on October 13, 2011, alleging that she had been disabled since January 1, 2011, due to diabetes, back and neck pain, fibromyalgia, ganglion cysts, and depression. (Tr. 67, 123–24.) Plaintiff's application was denied on June 11, 2012, after which time she requested a hearing before an ALJ. (Tr. 78–81, 85–86.) On July 25, 2013, Plaintiff appeared with her counsel before ALJ Paul Jones for an administrative hearing with testimony being offered

by Plaintiff and a vocational expert (VE). (Tr. 23–66.) In a written decision dated August 9, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 8–22.) On November 19, 2014, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (Tr. 2–7.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined that Plaintiff's claim failed at the second step. That is, Plaintiff did not suffer from a severe impairment. (Tr. 15–18.) A claimant who does not have a "severe impairment" will not be found "disabled." 20 C.F.R. § 404.1520(c). Having made his determination at the second step, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (Tr. 18.) The Court finds that the ALJ's conclusion that Plaintiff did not suffer from a severe impairment is not supported by substantial evidence.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b); *see also, Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 929 n.2 (6th Cir. 2007).

An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)); *see also, Williamson v. Sec'y of Health & Human Servs.*, 796 F.2d 146, 151 (6th Cir. 1986) (an impairment is less than severe only if it is a "slight abnormality which has such a minimal

effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience").

Step two of the sequential disability process is considered a "de minimis hurdle" designed to subject to dismissal only those claims which are "totally groundless" from a medical standpoint. *Rogers*, 486 F.3d at 243 n. 2; *Despins*, 257 F. App'x at 929; *Higgs*, 880 F.2d at 860. "[T]his lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." *Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir. Jan. 9, 2001) (quoting *Higgs*, 880 F.2d at 862).

Before discussing the relevant medical evidence, a few comments about the nature of fibromyalgia are necessary. Courts recognize that fibromyalgia "is an unusual impairment in that its symptoms are often not supportable by objective medical evidence." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. Jan. 15, 2008). Fibromyalgia sufferers often exhibit "normal muscle strength and neurological reactions and have a full range of motion." *Rogers*, 486 F.3d at 244. With respect to diagnosing or assessing the severity of fibromyalgia, objective medical tests are often of "little relevance" because "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Id.* at 243. Fibromyalgia is diagnosed and assessed by testing "a series of focal points for tenderness" and ruling out other possible conditions through objective medical and clinical measures. *Id.* at 244.

Prior to Plaintiff's alleged onset date, Dr. Niti Thakur examined Plaintiff on the request of Dr. Richard Britton, Plaintiff's primary physician. Dr. Thakur noted Plaintiff complained of pain in her joints and muscles in several areas of her body. (Tr. 296.) Dr. Thakur concluded that

these complaints were consistent with fibromyalgia and chronic fatigue. (Tr. 298.) Subsequent treatment notes from Dr. Britton demonstrate that Plaintiff continued to suffer from this and other impairments. In January 2011, Plaintiff complained of diarrhea and vomiting from antibiotics which continued into February. (Tr. 230–31.) On February 24, Dr. Britton noted that Plaintiff's diabetes was poorly controlled and she was suffering from stomach pains. (Tr. 228–29.) In September of 2011, Dr. Britton noted Plaintiff had chronic pain and neuropathy in her hands, as well as arthritis in her shoulder and back. (Tr. 227.) In 2012, the consultative examiner for the state disability service noted that Plaintiff had been diagnosed with fibromyalgia, and noted that Plaintiff had complained of pain in her abdomen, back, and foot. The examiner concluded Plaintiff suffered from chronic pain. (Tr. 280–82.) On October 8, 2012, Dr. Britton opined on Plaintiff's physical RFC. (Tr. 286.) He first found that Plaintiff met the requirements for a diagnosis of fibromyalgia. (Tr. 286.) Consequently, Dr. Britton opined that Plaintiff would be limited in her ability to work. Among other things, Dr. Britton stated Plaintiff could only sit for thirty minutes at one time, and stand for ten minutes. Plaintiff could sit, stand, and walk for less than two hours a day, and would need to shift positions at will. (Tr. 287.) Plaintiff could also only use her hands fingers and arms for limited periods. (Tr. 289.)

There is no question that Plaintiff suffers from fibromyalgia, but by focusing on the results of objective medical testing, the ALJ relied on testing that is not particularly helpful or relevant when assessing the impact of fibromyalgia. Furthermore, the evidence of record clearly indicates that this condition "significantly limits" Plaintiff's "ability to do basic work activities." While the ALJ has presented an arguably persuasive rationale as to why Plaintiff should ultimately be denied disability benefits, such arguments are inappropriate at step two of the sequential

disability process. The ALJ's conclusion that Plaintiff's fibromyalgia is not a severe impairment is contradicted by the administrative record. As discussed above, at step two of the sequential disability process Plaintiff's burden is a de minimis one. Plaintiff has easily met this burden and demonstrated that she suffers from one (or more) severe impairments. For the reasons discussed herein, the Court finds that the ALJ's decision that Plaintiff does not suffer from a severe impairment is not supported by substantial evidence.

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if proof of her disability is "compelling." *Faucher v. Sec'y of Health & Human Servs*, 17 F.3d 171, 176 (6th Cir. 1994) (the court can reverse the Commissioner's decision and award benefits if all essential factual issues have been resolved and proof of disability is compelling). While the ALJ's decision fails to comply with the relevant legal standard, there does not exist compelling evidence that Plaintiff is disabled.

## CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g). This matter is remanded for further factual findings, including but not necessarily limited to, an accurate assessment of the severe impairments from which Plaintiff suffers, an assessment of her residual functional capacity, and a determination as to whether Plaintiff is capable of performing substantial gainful activity despite her limitations.

A separate judgment shall issue.

Dated:     February 11, 2016            /s/ Janet T. Neff
                                        JANET T. NEFF
                                        UNITED STATES DISTRICT JUDGE